## Ernest Rabb and Johanna Rabb, Appellees, v. Edward E. Kluge and Alma Kluge, Appellants.

### Gen. No. 23,109.

PARTNERSHIP—*when quitclaim deed executed and acknowledged by one partner constitutes release of liens on land of.* A quitclaim deed executed in the name of a partnership "by" one of the partners who also acknowledged the deed constitutes a valid and binding release of mortgage liens held on the land by the partnership.

Appeal from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and judgment here. Opinion filed November 30, 1917.

MANCHA BRUGGEMEYER, for appellants.

No appearance for appellees.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The question in this case is whether a certain instrument was sufficient in law to release two mortgages. The property involved is a quarter section of land situated in Florida. The Ideal American Corporation at one time was the owner of the land, subject, however, to a mortgage recorded (the date of the execution and delivery not being shown) May 25, 1909. It appears that that mortgage was originally given by the owner of the property to the Dutton Bank of Gainesville, and by it assigned to one J. B. Padgett and recorded November 4, 1909; that subsequently that mortgage was assigned by J. B. Padgett to D. C. Kinlaw & Company. It appears from the agreed statement of facts that the said quarter section of land was also subject to a mortgage to D. C. Kinlaw and T. B. Handley as D. C. Kinlaw & Com-

pany, which was recorded March 27, 1911. On March 24, 1914, the appellant signed and delivered to the appellee the following document:

"The undersigned having this day made a conveyance of certain property in Bradford County, Florida, to Ernest Rabb and his wife, for the sum of $200, paid part in cash, and part in two notes of $50 each, and having agreed to furnish within three months a good abstract showing good title to said land, we the undersigned, hereby obligate ourselves to take back said land and revoke said sale and refund to said Rabb all moneys expended by him in connection therewith if we fail to give him good abstract within three months. Chicago, March 24, 1914.

EDW. E. KLUGE,<br>ALMA KLUGE."

The agreed statement of facts shows that on September 28, 1912, the property was conveyed by the Ideal American Corporation to Mary W. Thomas Bethel by warranty deed; that on February 15, 1913, it was conveyed by Mary W. Thomas Bethel and husband to Edward E. Kluge and Alma, his wife (appellants), by warranty deed; and that on April 10, 1914, it was conveyed by Edward E. Kluge and Alma his wife, to Ernest Rabb and Johanna Rabb (appellees), by warranty deed.

Subsequently, on February 23, 1916, objection having been made by the appellees that the mortgages above mentioned constituted a valid objection to the title, the appellants tendered to the appellee a quitclaim deed. That deed is as follows:

"STATE OF FLORIDA,      )
                        )ss.
COUNTY OF BRADFORD.     )

"Know all men by these presents, that it is represented to us by the Ideal American Corporation and by Mary W. Thomas Bethel that said corporation has conveyed to said Bethel the Southeast quarter of the Northwest quarter of Section 21 in Township 5 South, of Range 20 East, in Bradford County, Florida, under

date July 8, 1912, and recorded under date September 28, 1912, in Deed Book 13, page 306 of the public records of said county, and whereas the said parties severally have requested that a quit-claim deed be given by D. C. Kinlaw and T. B. Handley, doing business under the name of D. C. Kinlaw & Company.

"Now, therefore, in consideration of the premises and the sum of Ten ($10.00) Dollars in hand paid, the said D. C. Kinlaw and T. B. Handley, doing business under the name of D. C. Kinlaw & Company, do hereby quit-claim to Mary W. Thomas Bethel, her heirs and assigns the said above described parcel.

"IN WITNESS WHEREOF the said D. C. Kinlaw and T. B. Handley, doing business under the name of D. C. Kinlaw & Company, acting by the said Handley, hereby duly authorized hereunto set their hands and seals this the 23rd day of February, A. D. 1916.

> D. C. KINLAW & Co.  (SEAL)
> By T. B. HANDLEY  (SEAL)

"Signed, sealed and delivered
in the presence of:
CLARA LELAND
ELLEN O. ANDERSON

"STATE OF FLORIDA,     )
                       )ss.
COUNTY OF BRADFORD.    )

"I, an officer duly authorized to take acknowledgments of deeds hereby certify that this day before me came T. B. Handley to me personally known and known to me to be one of the two members of the copartnership composed of T. B. Handley and D. C. Kinlaw under the name of D. C. Kinlaw & Company described in and who executed the foregoing quit-claim deed, and said T. B. Handley this day acknowledged before me that said partners executed said quit-claim deed, being hereunto authorized.

"In Witness whereof I hereunto set my hand and seal this 23rd day of February, A. D. 1916.

"ELLEN O. ANDERSON )    ELLEN O. ANDERSON,
  State of Florida   )    Notary Public in and for
        at Large,    )    the State of Florida at
Notary Public.       )    Large.  My commission
                          expires Oct. 27, 1918."

The appellees, in their statement of claim, set forth that the appellants having failed to furnish a good and sufficient abstract of title, and having been requested to take back the land, and, having been tendered a quitclaim deed, they, the appellees, are entitled to recover the sum of $174, being the purchase price which they paid, less a certain amount for taxes and the recording of the deed and a certain credit.

In the agreed statement of facts, signed by all parties, it was provided that "the matter in dispute be submitted to the court upon the proposition whether the instrument herein set out (meaning the quitclaim deed) was sufficient in law to release said liens on said land." The trial judge held that: "The instrument purporting to be a quitclaim deed was not a valid release of the said real estate from the lien of said mortgages, because said instrument, being executed by one partner, could not bind the partnership of D. C. Kinlaw and T. B. Handley as D. C. Kinlaw & Company"; and found the issues for the appellees and entered judgment against the appellants in the sum of $177.50. This appeal is from that judgment.

An examination of the quitclaim deed and the acknowledgment of the notary public show that the execution and signing of the quitclaim deed was sanctioned by both members of the firm of D. C. Kinlaw & Company. It follows, therefore, that, although it may be the law that a mortgage owned by a partnership may be released by the signature of one partner (which it is not necessary here for us to decide), the evidence contained in the agreed statement of facts sufficiently shows that the quitclaim deed was a valid

and binding release executed by D. C. Kinlaw & Company, and released the lands in question from the mortgage liens.

The judgment of the trial court is therefore reversed, and a judgment for costs will be entered here in favor of appellant and against the appellee.

*Reversed and judgment here.*